**Dorothy T. DOWNER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 62-546-C.**

United States District Court
D. Massachusetts.

Dec. 13, 1963.

Francis W. Conlin, Worcester, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., William F. Looney, Asst. U. S. Atty., for defendant.

**CAFFREY, District Judge.**

This is an action under the Federal Tort Claims Act in which plaintiff DOROTHY T. DOWNER seeks to recover from the UNITED STATES for personal injuries sustained in a collision between an automobile operated by her and a Government vehicle.

I find that on July 27, 1961, the plaintiff, a married woman who was then aged 41, was proceeding in a southerly direction on West Boylston Street, a public way in the City of Worcester, Massachusetts, driving a Chevrolet car in which her two children were riding as passengers. She was en route from her home to an accordion studio where one of her children was scheduled to receive a music lesson. The weather was clear and dry. I find that Mrs. Downer, who had been driving about 25 miles per hour along West Boylston Street for a distance of about one-half mile, began to slow down her car about 100 feet before she arrived at a point opposite a gasoline station which was located to her left on West Boylston Street. She was obliged to wait until northbound traffic passed by before she could make a left turn into the gasoline station. While she was waiting to do so, the right rear of her car was struck by the left front bumper of a United States Army trailer truck then being operated by Sp. Fifth Class Arthur A. Leithead, Transportation Corps, United States Army, who was acting within the scope of his employment at the time and place of the accident. I find that the accident was caused because of the negligence of the Army driver, who did not allow a sufficient margin of space between plaintiff's car and the Army truck, with the result that he was unable to stop the truck without striking plaintiff's car.

I find that plaintiff was enjoying normal health immediately prior to the accident and had no history of any prior disabilities; that as a result of the accident she sustained a whiplash injury in the area of her neck; a sprained back; cerebral concussion; and various contusions. She was taken home after the accident and was treated by a physician late that evening. Thereafter she was treated daily by a physician until she entered Doctors Hospital, Worcester, on August 1, 1961, where she remained until August 4. Prior to the accident plaintiff worked four days a week as a waitress. As a result of the injuries she sustained in the accident she was unable to pursue her normal part-time waitress employment for six weeks. She then returned to work as a cashier rather than as a waitress for four weeks. Thereafter she resumed her employment as a waitress. As a result of the accident it was necessary for her to wear a Thom-

as collar full time for about two months and thereafter to gradually decrease the use thereof in a period extending over several months.

I am not persuaded that a second admission of the plaintiff to Doctors Hospital, for plastic surgery, so-called, to alleviate a deviated septum, was a residual of this accident, and I rule that plaintiff has failed to sustain her burden of proof as to this portion of the claimed injuries.

■ I find that plaintiff is entitled to recover the sum of $450.00 because of the bills she incurred to Doctors Hospital for August 1 to August 4, 1961, and the bills of Dr. D'Argenis and Dr. Stone, and I find that the sum of $1500.00 fairly compensates her for the diminution of her earning capacity and for the pain and suffering caused her by the accident.

Judgment for the plaintiff in the amount of $1950.00 with costs.